## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
                        Plaintiff

            v.                                    Civil Action No:  18-00994

TIMOTHY E. YOUNG
                        Defendant

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**I.      FACTS**

On or about August 27, 2010, the United States of America by the United States Department of

Agriculture (" Plaintiff ") granted loans in the amount of $164,000.00 to Defendants as evidenced by

promissory notes.  The Notes bore interest and provided for payments of monthly installments and

authorized the holder to accelerate the maturity should any installment remain unpaid on the date of the

next installment plus recapture any accrued interest.  On or about August 27, 2010, Defendants secured

their loan by executing and delivering to Plaintiff a mortgage encumbering the premises described

therein.  Plaintiff, the United States of America, is the lawful owner and holder of this Note and the

Mortgage.

The Defendant is the current record owner of the mortgage property located at 805 Reinholds

Road Denver, PA  17517 ("Property") and defaulted on the note by failing or refusing to pay installments

of principal and interest when due, and have failed to pay Property taxes when due.

As of August 14, 2017, Defendant is indebted to the United States in the amount of $181,245.13.

Interest continues to accrue at a daily rate of $18.30.

The complaint seeking mortgage foreclosure was filed on March 08, 2018.  Service was effected

on Defendant on April 21, 2018 as evidenced by the Return of Service filed with the Court.  To date, no

answer or responsive pleading has been filed.

**II.     AS A MATTER OF LAW PLAINTIFF IS ENTITLED
         TO ENTRY OF JUDGMENT IN ITS FAVOR**

An action to foreclose on a mortgage is proceeding to determine the existence, extent and priority of a mortgage lien and to obtain the sale of the real property pledged to secure its satisfaction. United States v. Scholnick, 606 F.2d 160, 165 (6th Cir. 1979).  The Court may grant judgment in a mortgage foreclosure action such as the present one when no genuine issue of fact exists. See, United States v. Golden Acres, Inc., 520 F. Supp 1073 (D. Del. 1981); and see, United States v. Winthrop Towers, 628 F.3d, 1029, 1036 (7th Cir. 1980).

The three factors that control whether a default judgment should be granted are: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendants' delay is due to culpable conduct.  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  In the instant action, Plaintiff would be prejudiced by the denial of default judgment because the Plaintiff has not received a mortgage payment in approximately three years and five months. During this time Plaintiff has also continued to pay the property taxes.  The Defendant have not raised any defenses and the mortgage has been in default from June 27, 2015 to date.  It appears the Defendant have no interest in defending this legal action given that the Defendant has not made a mortgage payment since June 27, 2015, and was personally served over twenty-one (21) days ago and has yet to file an answer.

Federal law governs questions involving the rights of the United States arising under nationwide federal programs, United States vs. Kimbell Foods, Inc., 440 U.S. 715, 726 (1979);  see, Clearfield Trust Co. vs. United States, 318 U.S. 363, 366-367 (1943), as well as the rights and liabilities of the parties upon default of a federally held or insured loan, United States v. Kimbell Foods, Inc., 440 U.S. at 726.

The Mortgage obligates Defendant to pay promptly the indebtedness evidenced by the Promissory Note at the time provided in the Note.  The mortgage provides that the entire amount of indebtedness shall become immediately due without notice or demand upon Defendant's failure to pay the amount of any installments due.  Federal Rule of Civil Procedure 55 (b)(2) permits this Court to enter judgment by default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend within the time provided by the rules.  Since Defendant have failed to plead,

judgment is appropriate.

## III.  AMOUNTS REQUESTED IN JUDGMENT

The following is a breakdown of the amounts requested in Plaintiff's Complaint and in its request

for judgment. The interest set forth in the Complaint was calculated through August 14, 2017.  The

interest stated below has been calculated through the date of default and motion for judgment filed on

May 18, 2018.  Thereafter, interest shall accrue from the date of judgment pursuant to 28 U.S.C. § 1961.

| | |
|---|---|
| PRINCIPAL BALANCE | $148,469.01 |
| Interest from 05/27/2015 to 08/14/2017 at 4.5000% | $14,826.60 |
| Interest Recapture | $8,468.85 |
| Late Charges | $127.28 |
| Escrow Advanced | $3,360.77 |
| | $175,252.51 |
| Fees Required with Payoff Funds | +$251.37 |
| Fees Currently Assessed | +$5,741.25 |
| | $181,245.13 |

The amount of the principal balance, interest and late charges are readily understandable.

However, the other items requested by Plaintiff, namely, interest recapture, fees currently assessed, and

fees required with payoff funds, require further explanation.

## IV.  INTEREST RECAPTURE

United States Department of Agriculture (USDA) makes loans to low- income applicants who do

not have the down payment or income to support conventional lending. *See* 42 U.S.C.A. § 1471 *et seq.*

The USDA provides 100% financing to individuals who could not receive financing through any other

program. Each year the borrower is in the program, the USDA analyzes the borrower's income and debts

to determine how much of the monthly mortgage payment the borrower is capable of paying.  Based on

this analysis, a portion of the monthly mortgage payment (almost always comprised solely of interest) is

subsidized by the USDA; the remainder of the monthly mortgage payment is paid by the borrower.  This

subsidy accumulates monthly and changes yearly based on the analysis of the borrower's income and

debts.

The hope of this USDA program is that the borrower's income will rise and the USDA can reduce the subsidy, until eventually the borrower can afford the entire payment. The subsidy can be forgiven in part or in whole when if the loan is refinanced through conventional financing or through a sale. In those cases, the USDA has a formula to determine how much of the subsidy is due and how much is forgiven; this is considered "sharing in the equity." *See* 7 C.F.R. § 3550.162.

However, when an account enters foreclosure, the amount that has been subsidized is owed back to the USDA. *See* 42 U.S.C.A. § 1490a(a)(1)(B). Section 1490a(a)(1)(B) provides in relevant part:

> … The Secretary may provide the borrower with assistance in the form of credits so as to reduce the effective interest rate to a rate not less than 1 per centum per annum for such periods of time as the Secretary may determine for applicants described in subparagraph (A) if without such assistance such applicants could not afford the dwelling or make payments on the indebtedness of the rental or cooperative housing.

Section 1490a(a)(1)(D) further provides, in relevant part:

> … The Secretary shall provide for the recapture of all or a portion of such assistance rendered upon the disposition or nonoccupancy of the property by the borrower. …
> [A]ny such assistance whenever rendered shall constitute a debt secured by the security instruments given by the borrower to the Secretary to the extent that the Secretary may provide for recapture of such assistance.

The total accrued subsidy constitutes the "interest recapture" that is seen throughout the loan and foreclosure documents. The borrowers are advised of this procedure when they apply for the loan, and when each borrower applies and accepts a USDA loan, they sign a "Subsidy Repayment Agreement" which explains, in detail, the above process. The amount of the "interest recapture" in this case, and the manner in which it was calculated is set forth in a statement of account.

## V.  FEES CURRENTLY ASSESSED AND FEES REQUIRED WITH PAYOFF FUNDS

The other fees included in the Plaintiff's Motion for Default Judgment include the sum of $5,741.25 which consists of negative escrow charges for real estate taxes and hazard insurances which have been assessed against the loan ("Fees Currently Assessed"), as well as monthly property inspections. The fees required with payoff funds in the amount of $251.37 represents the amount of interest charged on the

assessed fees based upon the note rate (which in this case is 4.5000%) from the date they have been incurred.

## VI.   **CONCLUSION**

For all the above reasons, Plaintiff respectfully submits that there is no genuine issue of material fact and that pursuant to Federal Rule of Civil Procedure 55 (b), the United States is entitled to entry of judgment in its favor as a matter of law.  Plaintiff therefore submits that Judgment be entered in its favor and that its proposed order setting forth the matter in which the Property be sold according to law be entered.

Respectfully submitted,
KML Law Group, P.C.

By: _____
Rebecca A. Solarz, Esquire
Pennsylvania Attorney I.D. No. 315936
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6327