UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       :
                                :
            Plaintiff,           :
                                :
      v.                         :    No. 18-cv-994
                                :
TIMOTHY E. YOUNG,                :
                                :
            Defendant.           :

FILED
NOV - 5 2018
KATE BARKMAN, Clerk
By _____ Dep. Clerk

**ORDER**

**AND NOW**, this 5th day of November, 2018, upon consideration of the entry of default of Defendant Timothy E. Young on May 18, 2018, for failure to appear, plead, or otherwise defend; Plaintiff's Second Motion for Default Judgment and Memorandum in Support, ECF Nos. 12-13; and the Affidavit of Non-Military Service, ECF No. 14, **IT IS ORDERED** as follows:

1. Plaintiff's Motion is **GRANTED**.[1]
2. Judgment is **ENTERED** in favor of the Plaintiff against Defendant Timothy E. Young in the amount of $181,245.13 plus interest at the rate of $18.30 per day from August 14,

---

[1] This is Plaintiff's second motion for a default judgment. This Court denied the first motion, ECF No. 7, without prejudice to re-file on the ground that Plaintiff had provided insufficient proof of its entitlement to the claimed categories of damages. ECF No. 10.

The Court finds that Plaintiff properly served Defendant with a copy of the Complaint on April 21, 2018, ECF No. 4; with a copy of Plaintiff's Request for Entry of Default on May 18, 2018, ECF No. 6; and with a copy of Plaintiff's Second Motion for Default Judgment on October 12, 2018, ECF No. 12. Defendant has failed to appear, plead, or otherwise defend against Plaintiff's claims. Plaintiff has presented evidence that Defendant is not an infant, legally incompetent, or an active-duty member of the United States military. ECF No. 7, at 2, ¶ 3; ECF No. 14. Accordingly, this Court deems Defendant to have admitted the factual averments made against him in Plaintiff's Complaint and finds that Plaintiff has stated a cause of action in foreclosure against Defendant. *See Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 270-71 (E.D. Pa. 2014).

"It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Three factors control whether a court should grant default judgment: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d

2017, to the date of this Order and thereafter with interest on the total amount from the date of judgment pursuant to 28 U.S.C. § 1961.[2]

3. The promissory note and mortgage between Plaintiff and Defendant are **FORECLOSED** as to the property located at 805 Reinholds Road, Denver, PA, 17517 ("Property"). In accordance with the provisions of the National Housing Act, there is no right of redemption in the mortgagor or any other person. *See* 12 U.S.C. § 1701k.

4. The Property shall be sold according to the following procedures:
    a. The United States Marshal for the Eastern District of Pennsylvania is **DIRECTED** to sell the Property for cash to the highest bidder at a public judicial sale pursuant to Title 28 U.S.C. § 2001 within 180 days of this Order. Notice shall be given, in accordance with 28 U.S.C. § 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the Property is situated. To reduce the expense of the sale, Plaintiff may advertise a short description of the Property rather than the complete legal description.
    b. Ten percent of the highest bid shall be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the Property being struck down to the bidder. The balance of the purchase money

---

Cir. 2000). With respect to the first factor, the plaintiff suffers prejudice when denial of default judgment would "impair the plaintiff's ability to effectively pursue his or her claim." *Grove v. Rizzi*, 1857 S.P.A., No. 04–2053, 2013 WL 943283, at *2 (E.D. Pa. March 12, 2013). A defendant's failure to respond to the complaint, as here, creates a potentially indefinite delay that establishes prejudice to the plaintiff. *See Spring Valley Produce, Inc. v. Stea Bros.*, No. CIV.A. 15-193, 2015 WL 2365573, at *1 (E.D. Pa. May 18, 2015). Second, the Court may presume that an absent defendant who has failed to answer has no meritorious defense. *Joe Hand Promotions, Inc*, 3 F. Supp. 3d at 271-72. Third, the defendant's failure or refusal to participate in the litigation process without good reason may establish culpable conduct for purposes of default judgment. *See E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009). Accordingly, the three *Chamberlain* factors warrant default judgment in this case.

[2] Plaintiff has provided sufficient evidence of its entitlement to the damages it seeks and evidence of how it arrived at the requested amounts, including additional documentation from the United States Department of Agriculture. ECF No. 12-2.

Plaintiff has provided a Payoff Funds Panel statement demonstrating an unpaid principal amount of $148,469.01 and $14,826.60 in unpaid interest accrued as of August 14, 2017. ECF No. 12-2, Ex. F. In connection with the mortgage, Defendant executed a Subsidy Repayment Agreement providing for repayment of all federal subsidies received in the event of transfer of title; this agreement entitles Plaintiff to a "subsidy recapture" in the amount of $8,468.85, the amount of subsidies paid to date. ECF No. 12-2, Exs. C, E, F. The Payoff Funds Panel also evidences $5,741.25 in fees assessed on the loan for real estate taxes, insurance, and property inspections, and $251.37 in interest assessed on those fees at the note rate of 4.5 percent. The Payoff Funds Panel summarizes these amounts and states a total amount due of $181,245.13. The Court finds that Plaintiff has provided adequate evidence of these amounts.

must be paid in certified or cashier's check by the highest bidder to the Marshal within ten days after the sale is confirmed by the Court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of the confirmation. If the highest bidder fails to settle, all their rights in the real estate shall cease and be completely void and the Property may by re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, they shall make good the same to the person thereby injured. The highest bidder shall take the Property subject to and is to pay all state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges, and liens against the Property which are not divested by the Marshal's sale, and shall pay all state, local, and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

    c. Plaintiff or its nominee is granted right of entry at reasonable times to the Property for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things, and information necessary for the inspection, advertisement, and sale of the Property.

    d. Motion for Confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court thirty (30) days after the date of sale.

5. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant to further Order of this Court.
6. Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.
7. The Clerk shall **DELIVER** a true copy of this Order to the United States Marshal.
8. This case is **CLOSED**.

BY THE COURT:

JOSEPH F. LEESON, JR.
United States District Judge